## HABERMEHL v HABERMEHL

Ohio Appeals, 7th Dist, Monroe Co

Decided Nov 23, 1932

Moore, Moore & Moore, Woodsfield, for plaintiff in error.

Thornburg & Lewis, St. Clairsville, and Matz & Matz, Woodsfield, for defendant in error.

POLLOCK, J.

It must be conceded that if the statutory time for filing a petition in error began to run from the time of the overruling of the motion for a new trial, and the entry of judgment on the verdict, that the action was not commenced within the statutory period; but it is claimed by the plaintiff in error that the filing of a motion for a new trial, on the ground of newly discovered evidence, and a motion for rehearing extended the statute any time for prosecuting error until after these motions were disposed of by the court, and that the last motion for a new trial was based upon newly discovered evidence which could not have been reasonably discovered sooner.

Sec 11578, GC, provides in substance that a motion for a new trial must be made in the term the verdict report, or decision is rendered, except for the cause of newly discovered evidence, and, further, that the application must be made within three (3) days after the verdict or decision is rendered, unless the party is unavoidably prevented from filing it within such time.

Sec 11579 GC provides that certain subdivisions for grounds for a new trial must be supported by affidavit, and among these provisions in sub-division 7, which provides for application for new trial on the ground of newly discovered evidence.

Then, §11580, GC, provides that when with reasonable diligence, the grounds for a new trial could not be discovered before, but are discovered after the term at which the verdict was rendered, the application may be made by petition filed not later than the second term after discovery, nor more than one year after final judgment was rendered.

The amended motion or second motion for a new trial was filed at the second term after the return of the verdict.

The time for filing a petition in error is provided by §12270 GC, which provides:

"No proceedings to reverse, vacate or modify a judgment or final order shall be commenced unless within seventy days after the entry of the judgment, or final order complained of."

The petition in error in this case was not filed within seventy days after the judgment was entered in the Court of Common Pleas, and if the statute of limitations begins to run from the date of the entering of the judgment, this action was not commenced within the time limited by the Code: Craig v Welply, 104 Oh St, 312.

It will be noticed that the Supreme Court in this case has announced the rule that the time begins to run from the date of the judgment sought to be reversed.

The judgment sought to be reversed in this case was the one entered upon the verdict.

The Supreme Court in the case of Wells v Wells, 105 Oh St, 471, said that the parties to the action cannot by formal entry of appearance or agreement extend the limitation of time provided in §12270 GC.

The Supreme Court disposed of practically the same question that we have in this case, that is, that the filing of an amended motion, or application for a new trial, which was disposed of after the judgment was entered, did not extend or change the time for the commencement of the statute against filing a petition in error would begin:

"The granting of a motion, after judgment, to vacate a former order of the court overruling a motion for a new trial, and an entry of a new order overruling the motion for a new trial, are not effective to postpone the date a proceeding in error may be commenced begins to run, where the judgment upon the verdict antedates such entry, and has not been vacated."

Wyant v Russell, 109 Oh St, 167.

It follows that as this motion was not filed until after the Seventy (70) days from the entry of the judgment on the verdict, that the motion to dismiss the action must be sustained; but it is further urged that the overruling of the amended motion, on October 4th, was a final order, and that error could be prosecuted from that order.

The case just referred to, Wyant v Russell, supra, disposes of this question as far as the judgment itself is concerned.

We do not know how error could be prosecuted to the motion overruling the application for a new trial on the judgment, or order on the motion alone, but granting that error could be prosecuted from such a motion, we do not have any facts before

us to determine whether error was committed or not.

The section which we have referred to, §11579, GC, provides that application for a new trial, on the ground of newly discovered evidence, must be sustained by affidavits.

We find in the filed papers that there are a number of affidavits filed, which purport to be affidavits of newly discovered evidence, but there was no bill of exceptions embodying the evidence before the court on the disposal of the amended motion for a new trial, on the ground of newly discovered evidence, and we are prevented from examining these affidavits, and disposing of this question for the reason that there is no bill of exceptions containing the affidavits.

"In order that this court can look to the affidavits for a new trial, it must be embodied in a bill of exceptions."

**Frank Bros. v Far Store, 18 Oh Ap, 284,** citing **Sleet v Williams, 21 Oh St, 82; Schultz v State of Ohio, 32 Oh St, 276; Long v Cassiere, 105 Oh St, 123.**

The petition in error was not filed within seventy (70) days after the judgment on the verdict was rendered, and this court has no jurisdiction to determine the question.

The petition in error is dismissed.

Exceptions noted.

FARR and ROBERTS, JJ, concur in the judgment.